KEYS, The DICK. See Case No. 3.898.

KEYS (FORD v.). See Case No. 4.933.

KEYS (MILLER v.). See Case No. 9,578.

———

## Case No. 7,748.

### In re KEYSER.

[9 Ben. 224.] [1]

District Court, S. D. New York. Oct., 1877.

BANKRUPTCY—PROOF OF DEBT—ATTORNEY FOR BANKRUPT.

A proof of debt taken before a notary public who is the attorney and solicitor of record for the bankrupt will not be allowed to be filed.

This was a certificate from the register, raising the question whether a proof of debt taken before a notary public who was the attorney and solicitor of record for the bankrupt [John H. Keyser] in this matter ought to be received. The register certified that, in his opinion, it was against the principles of the bankrupt law and against good custom to allow an attorney for the bankrupt to appear in any other capacity and that the proof in question should not be filed.

BLATCHFORD, District Judge. I concur in the conclusion of the register, that the proof ought not to be filed.

———

## Case No. 7,749.

### KEYSER v. ARTHUR.[2]

Circuit Court, S. D. New York. Oct., 1878.

CUSTOMS DUTIES—NOTICE OF DISSATISFACTION—TIME WITHIN WHICH TO FILE.

[A protest within ten days after the collector has liquidated the duties upon goods imported,

———

[1] [Reported by Robert D. Benedict, Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [Decided by Shipman, District Judge. Nowhere reported; opinion not now accessible. Statement of the points determined, taken from an opinion by Mr. Justice Gray in Davies v. Miller, in 130 U. S. 284, 9 Sup. Ct. 560.]

and an appeal within thirty days thereafter, is valid as to time. although the liquidation is subsequently revised.]

Two distinct entries of goods for immediate consumption were made, the one September 15, and the other October 10, 1873, and the duties were estimated by the collector and paid forthwith. The notice of dissatisfaction with the collector's decision was given as to the first entry, October 1st, and as to the second entry, October 24, 1873, and each entry was stamped as finally liquidated, November 6, 1873. Judge SHIPMAN held the protests or notices of dissatisfaction with the collector's decisions to be seasonable, saying: "When the collector had officially and in writing upon the entry ascertained and liquidated the duties upon the goods named in such entry at a certain rate of duty, a protest within ten days after such ascertainment and liquidation, and an appeal within thirty days thereafter, are good and valid as to time, although, subsequently to the date of such ascertainment, liquidation, appeal, and protest, the collector revises the amount of such liquidation, and makes a final ascertainment and liquidation at the same rate of duty. The first ascertainment and liquidation is, in fact, a final one as to rate. A protest and appeal within the statutory time after the final liquidations are also good and valid. The uniform practice in this port for many years, as to time of protest and appeal, in conformity with this rule, which practice has been sanctioned by all the officers of the government, is of much importance in the decision of this question."